UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAQUAN JORDAN,

                                  Plaintiff,

                v.                                        9:08-CV-1294
                                                                     (GLS)

STATE OF NEW YORK; BRIAN FISCHER; DALE
ARTUS; SUPERINTENDENT RACETTE; C.O.
STOUGHTON; P.W. HARRIMAN; JOHN and
JANE DOES 1-3,

                                  Defendants.
_____

APPEARANCES:

SHAQUAN JORDAN
01-A-3378
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff *pro se*

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

      Currently before the Court are Plaintiff Shaquan Jordan's civil rights complaint and application to proceed *in forma pauperis*. Dkt. Nos. 1-2. Jordan is incarcerated at Clinton Correctional Facility and has not paid the filing fee required for this action. In his complaint, Jordan alleges that he was subjected to excessive force and denied adequate medical treatment in deliberate indifference to his serious health needs in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Dkt. No. 1. Jordan seeks monetary relief. *Id.*

**A.**    ***In forma pauperis* application**

      Since Jordan has demonstrated economic need, the Court grants his application to proceed *in forma pauperis*.

**B.    Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with the action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Jordan brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

Jordan has named the State of New York as a defendant. Dkt. No. 1. However, it is clear that Jordan's claims for monetary relief against New York State are barred by the Eleventh Amendment to the United States Constitution. *Makas v. Ulster County*, No. 1:07-CV-0060, 2007 WL 446602, at *2 (N.D.N.Y. Feb. 8, 2007) (citing U.S. Const., Amend. XI; *Hans v. La.*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-921 (2d Cir.1988); *Amankwaah v. Cayuga County*, 92-CV-1103, 1992 WL 296459, at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.)). The State of New York is therefore dismissed.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED** that the State of New York is **dismissed** as a defendant to this action for the reasons stated above, and it is further

**ORDERED** that Jordan's *in forma pauperis* application is granted.[1] Upon receipt from Jordan of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order; and it is further

**ORDERED** that the Clerk shall provide the Superintendent of the facility that Jordan has designated as his current location with a copy of Jordan's authorization form and notify that official that Jordan has filed this action and is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk shall provide a copy of Jordan's authorization form to

---

[1] Jordan should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a formal response to Jordan's complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

**ORDERED**, that **any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was mailed to the opposing party or his or her counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned.**  Jordan shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Jordan is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Jordan

IT IS SO ORDERED.

Dated:    December 5,  2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge