**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHAQUAN JORDAN,**

                Plaintiff,              9:08-cv-1294
                                                      (GLS/ATB)

                v.

**BRIAN FISCHER,** Commissioner; **DALE ARTUS,** Superintendent; **RACETTE,** Deputy Superintendent of Security; **STOUGHTON,** Correctional Officer; **P.W. HARRIMAN,** Nurse; and **JOHN/JANE DOES 1-3,**

                **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Shaquan Jordan
Pro Se
01-A-3378
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      BRIAN J. O'DONNELL
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Shaquan Jordan, an inmate at Great Meadow Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging claims of excessive force, failure to intervene, and deliberate indifference to his medical needs in violation of his Eighth Amendment rights. (*See* Compl., Dkt. No. 1.) In September 2009, defendants and Jordan filed opposing motions for summary judgment. (Dkt. Nos. 40, 41.) In a Report-Recommendation (R&R) filed August 31, 2010, Magistrate Judge Andrew T. Baxter recommended that Jordan's motion be denied, that defendants' motion be granted in part and denied in part, and that the claims against defendants Brian Fischer, Dale Artus, Racette, P.W. Harriman, and John/Jane Doe 3 be dismissed.[1] (Dkt. No. 48.) Pending are Jordan's objections to the R&R. (Dkt. No. 50.) For the reasons that follow, the R&R is adopted in its entirety.

### II. Standard of Review

Before entering final judgment, this court routinely reviews all report

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III.  Discussion

### A.  Personal Involvement

Judge Baxter recommended that defendants Fischer, Artus, and Racette be dismissed from this action for lack of personal involvement. (*See* R&R at 28-33, Dkt. No. 48.)  In response, Jordan generally asserts that Fischer, Artus, and Racette conspired to deprive him of his constitutional rights and "cannot credibly contend that they [were] unaware of" the misconduct he alleges.  (Objections at 5-6, Dkt. No. 50.)

As discussed at length in the R&R, Jordan does not allege that Fischer, Artus, or Racette were actually involved in the assault alleged by Jordan that forms the basis for his excessive force and failure to intervene

3

claims. (*See* R&R at 30-32, Dkt. No. 48.) Nor does Jordan allege that Fischer, Artus, or Racette were aware of the assault at or prior to its occurrence, or that they agreed in any way to violate or allow subordinates to violate his rights. Instead, Jordan essentially alleges that Racette failed to secure his medical files, which resulted in some photographs going missing; that though Racette and Artus investigated his assault claim, they did not investigate his claim "properly enough" or "long enough"; and that Fischer failed to respond to a letter sent by Jordan on May 3, 2008. (*See* Jordan Dep. at 126-31, Dkt. No. 40:9.) However, as Judge Baxter correctly points out, (*see* R&R at 30-33, Dkt. No. 48), these allegations, without more, are insufficient to establish personal involvement or to form the basis for a separate constitutional violation. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997). Accordingly, the court adopts Judge Baxter's finding of no personal involvement by defendants Fischer, Artus, and Racette, and dismisses them from this action.

## B. Deliberate Indifference

As to Jordan's claim against defendant Harriman for deliberate indifference to his serious medical needs, Judge Baxter recommended

4

dismissal of this claim under both the objective and subjective prongs of the deliberate indifference standard, finding that the alleged inadequacy of Harriman's care was not sufficiently serious, that Jordan's condition itself was not sufficiently serious in light of both the objective evidence on record and Jordan's own allegations, and that Jordan failed to demonstrate that Harriman knew of and disregarded a substantial risk to Jordan's health or safety.[2] (*See id.* at 27.)  In addition, the R&R rejected Jordan's claim insofar as it is based on his disagreement with the course of Harriman's treatment, since mere disagreement with prescribed treatment does not give rise to a constitutional violation, and an inmate does not have the right to the treatment of his choice.  (*See id.* at 26 (relying on *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001)).)  In response, Jordan objects to these findings, generally asserting that material disputes of fact remain regarding his claim against Harriman, and arguing that Harriman knew of his condition.  (*See* Objections at 1-2, 6-7, Dkt. No. 50.)

---

[2]Jordan does not object to Judge Baxter's finding that the claim against Harriman for verbal harassment does not rise to the level of a constitutional violation actionable under § 1983.  (*See* R&R at 26-27, Dkt. No 48.)  As this finding is well supported by the case law, it is not clearly erroneous and is therefore adopted.

5

The court concurs with Judge Baxter's legal and factual findings regarding Jordan's claim against Harriman. Both Jordan's allegations and the underlying record betray the merits of his deliberate indifference claim against Harriman. Moreover, Jordan admits in his objections that "[a]lthough it does not appear that [he] suffered any serious injury, there was some evidence supporting his claim of an assault." (*Id.* at 1.) Consequently, the court dismisses Jordan's deliberate indifference claim.[3]

### C. Excessive Force & Failure to Intervene

As to the allegations of excessive force levied against defendant Stoughton, Judge Baxter denied both parties' motions based on the issues of fact and credibility that must be left to a factfinder to resolve regarding Stoughton's alleged misconduct. Nonetheless, Jordan appears to object to Judge Baxter's characterization of the harm he allegedly experienced. (*See* Objections at 1, 3-4, Dkt. No. 50.) Notwithstanding their accuracy,

---

[3] Jordan does not challenge Judge Baxter's recommended dismissal of the deliberate indifference claim against John/Jane Doe 3. (*See* R&R at 27-28, Dkt. No. 48.) Presumably, Jordan declined to object to this recommendation since he admittedly never told John/Jane Doe 3 that he had a serious medical condition. (*See* Jordan Dep. at 111-12, Dkt. No. 40:9.) Regardless, upon clear error review of this recommendation, the court finds no error and dismisses Jordan's deliberate indifference claim against John/Jane Doe 3.

such characterizations were of no consequence since the R&R recommended against dismissal of Jordan's excessive force claim against Stoughton.

Insofar as Jordan contends that he should be entitled to summary judgment on this claim, (*see id.* at 2-3), the court rejects that contention in light of the factual disputes and inconsistencies in Jordan's allegations, which were highlighted by Judge Baxter, (*see* R&R at 13-19, Dkt. No. 48).

Lastly, even in his objections, Jordan continues to refer to John/Jane Does 1 and 2 without identifying them by name, and to discuss his failure to intervene claim without specifying which defendants failed to do so. (*See* Objections at 2-3, Dkt. No. 50.)  Accordingly, the court echoes Judge Baxter's warning that Jordan's further failure to amend his complaint to identify any remaining unnamed defendants will result in the dismissal of his failure to intervene claim and the termination of these unnamed defendants from the action.

## IV.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report-Recommendation (Dkt. No. 48) is **ADOPTED**, Shaquan Jordan's motion

7

(Dkt. No. 41) is **DENIED**, and defendants' motion is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that all of Jordan's claims against defendants Brian Fischer, Dale Artus, Racette, P.W. Harriman, and John/Jane Doe 3 are **DISMISSED**; and it is further

**ORDERED** that Jordan is granted leave to file an amended complaint to identify John/Jane Does 1 and 2, **within thirty (30) days** from the date of the filing of this Order, after which defendants shall respond to the complaint as permitted under the Federal Rules of Civil Procedure; and it is further

**ORDERED** that if Jordan fails to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk of the Court shall enter judgment dismissing the complaint against any unnamed defendants without further order of the court; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 17, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge

8